**IN THE UNITED STATES DISTRICT COURT FOR THE**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| JAVIER TELLEZ LAUDINO, | ) |
| | ) |
| Petitioner, | ) |
| | ) Case No. 26 C 676 |
| v. | ) |
| | ) Judge Joan H. Lefkow |
| SAM OLSON, Field Office Director of | ) |
| Enforcement and Removal Operations, | ) |
| Chicago Field Office, Immigration and | ) |
| Customs Enforcement; KRISTI NOEM, | ) |
| Secretary, U.S. Department of Homeland | ) |
| Security; U.S. DEPARTMENT OF | ) |
| HOMELAND SECURITY; PAMELA | ) |
| BONDI, U.S. Attorney General; | ) |
| EXECUTIVE OFFICE FOR | ) |
| IMMIGRATION REVIEW, WARDEN | ) |
| DOE, Warden of Broadview Processing | ) |
| Center; BRANDON CROWLEY, Jail | ) |
| Commander of Clay County Detention | ) |
| Center,[1] | ) |
| | ) |
| Respondents. | ) |

**ORDER AND STATEMENT**

Before the court is Javier Tellez Laudino's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Dkt. 1.) For the reasons stated below, the court grants Tellez Laudino's petition. Tellez Laudino filed his petition on January 21, 2026, the same day he was detained in a parking lot by Immigration and Customs Enforcement (ICE) without a warrant, while dropping his children off at school. Tellez Laudino is a citizen of Mexico and resides in Illinois. At the time he filed his petition for habeas corpus, Tellez Laudino was detained at the Broadview Detention Center located in Broadview, Illinois, which is within the Northern District of Illinois. Tellez Laudino has been denied access to a bond hearing. He petitions this court under 28 U.S.C. § 2241 to issue a writ of habeas corpus ordering Respondents to release him or to schedule a bond hearing pursuant to 8 U.S.C. § 1226(a) within three days. He also petitions for an award of attorney's fees and costs under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412. Respondents take the position that Tellez Laudino is subject to mandatory detention pursuant to

---

[1] The proper respondent to a noncitizen's habeas petition is the warden of the detention center in which he is detained. *Kholyavskiy* v. *Achim*, 443 F.3d 946, 949–53 (7th Cir. 2006). The clerk is directed to add Brandon Crowley as a respondent in the case caption.

8 U.S.C. § 1225(b)(2)(A) and that he does not qualify for bond. Respondents deny the court has jurisdiction over Tellez Laudino's habeas claims and deny that, by detaining Tellez Laudino, they have violated his due process rights. Respondents request that Tellez Laudino be required to administratively exhaust his habeas claim remedies.

In support of its grant of Tellez Laudino's petition, the court relies on and adopts the reasoning of *Ochoa Ochoa* v. *Noem*, No. 25 C 10865, 2025 WL 2938779 (N.D. Ill. Oct. 16, 2025) (Jenkins, J.), *H.G.V.U.* v. *Smith*, No. 25 C 10931, 2025 WL 2962610 (N.D. Ill. Oct. 20, 2020) (Coleman, J.), *Mariano Miguel* v. *Noem et al.*, No. 25 C 11137, 2025 WL 2976480 (N.D. Ill. Oct. 21, 2025) (Alonso, J.), and *G.Z.T.* v. *Smith*, No. 25 C 12802, Dkt. 14 (N.D. Ill. Oct. 21, 2025) (Ellis, J.). The court joins this majority and concludes, first, that the court has jurisdiction over Tellez Laudino's habeas claim because Tellez Laudino challenges the lawfulness of his current detention, not the underlying merits of his immigration status. *See H.G.V.U.*, 2025 WL 2962610, at *2–3 (rejecting Respondents' arguments that § 1252(a)(2)(B)(ii), § 1252(b)(9), or § 1252(g) prevent a district court from considering habeas petitions for detention hearings). Second, the court finds that Tellez Laudino's detention is governed by § 1226, not § 1225(b), because § 1226 provides for discretionary detention of non-citizens "already present in the United States" pending the outcome of their removal proceedings, whereas § 1225 requires mandatory detention for those "seeking admission" into the United States, 8 U.S.C. § 1225(b)(2)(A). *H.G.V.U.*, 2025 WL 2962610, at *4–6; *Ochoa Ochoa*, 2025 WL 2938779, at *4–7 & n.8.; *G.Z.T.*, No. 25 C 12802, Dkt. 14 at 3. As Tellez Laudino has been residing in the United States, he is not lawfully detained pursuant to § 1225(b). *See Ochoa Ochoa*, 2025 WL 2938779, at *4–7; *G.Z.T.*, No. 25 C 12802, Dkt. 14 at 3. Instead, § 1226 applies to his detention, entitling him to a bond hearing before an immigration judge. *See G.Z.T.*, No. 25 C 12802, Dkt. 14 at 3. Third, as other courts have found, Tellez Laudino's continuing detention without such a bond hearing amounts to a due process violation. *H.G.V.U.*, 2025 WL 2962610, at *6 (applying balancing factors of *Mathews v. Eldridge*, 424 U.S. 319, 334 (1976) to similar facts and finding a violation of due process); *Ochoa Ochoa*, 2025 WL 2938779, at *7 (collecting cases). Finally, the court finds that any exhaustion requirement for Tellez Laudino has been excused since any requirement to seek a bond hearing before an immigration judge and then appeal before the Board of Immigration Appeals (BIA) would be futile. *See G.Z.T.*, No. 25 C 12802, Dkt. 14 at 3 (citing *Matter of Yajure Hurtado*, 29 I&N Dec. 216, 225 (BIA 2025)).

Accordingly, the court orders Tellez Laudino's immediate release. Respondents shall make a filing by February 10, 2026, at 12:00 p.m. Central Standard Time, confirming Tellez Laudino has been released.[2]

Date: February 6, 2026

_____
U.S. District Judge Joan H. Lefkow

---

[2] As to Tellez Laudino's request for attorney's fees and costs under the EAJA, 28 U.S.C. § 2412(d), he may move separately within 30 days of final judgment in this action to recover attorney's fees and costs. *See Ochoa Ochoa*, 2025 WL 2938779, at *8 n.9 (citing *Kholyavskiy* v. *Schlecht*, 479 F. Supp. 2d 897, 901 (E.D. Wis. 2007)) (discussing application of the EAJA to habeas actions challenging immigration-related detention).

2